May, J.
The jury in this case found for the plaintiff on her second cause of action.
The defendant filed two motions, one for a new trial, and one for a judgment, notwithstanding the verdict of the jury.
I am of the opinion that the motion for a new trial should be overruled and that a judgment should be entered for the defendant notwithstanding the verdict of the jury, in accordance with the case of B. & O. R. R. v. Nobil, 85 Ohio St., 175. 'This latter motion can only be granted if the defendant is entitled to such a judgment upon the pleadings without reference to the' evidence. An examination of the pleadings in this case convinces me that the defendant is entitled to a judgment thereon, notwithstanding the verdict of the jury in this case.
The plaintiff in her second cause of action alleges, that a partnership existed between H. E. Ml and E. J. W. and that prior to July 28, 1913, the partnership borrowed $200 from the.German National Bank of Newport, Kentucky, in the name of E. J. W., and that there was due on that date $180, and that the loan was evidenced by a promissory note which is set out in the petition, signed E. J. W. and F. W. F., who was not a member of the partnership; that the partnership being unable to pay the note at maturity, requested the plaintiff to pay and that they would repay the plaintiff. Thereupon the plaintiff paid the note for $180, for which she asks judgment.
She further alleges that the money borrowed by E. J. W.' was used to pay firm debts.
The partnership, M. & W. and H. E. M., filed separate answers denying that money was borrowed in the name of the firm from the German National Bank or in the name of defendant, H. E. M., and denying that any part of the money borrowed from plaintiff went to pay partnership debts of the defendant partnership or the defendant, H. E. M.
The plaintiff in her reply claims the right to be subrogated to all rights of the German National Bank of Newport, Kentucky, against the partnership.
Under the pleadings, therefore, the question to be determined is whether the plaintiff can recover against the partnership and against H. E. M. individually on the note executed by E. J. W. *256 with surety in a member of the partnership, to the German National Bank of Newport, Kentucky, which note upon its face is marked “paid July 28, 1913.”
I am of the opinion, under the authority of Peterson v. Roach, 32 Ohio St., 374, that the plaintiff can not recover. In that case the court held:
“Where a partner borrows money on the credit of his individual note, which is signed also by a surety, such borrowing does not create a partnership debt, though the money be applied to partnership purposes’; and the principal of such surety is the individual partner, with whom he joins in the execution of the note, and not the partners generally.”
This case is decisive of the case at bar as made up by the pleadings. The case of Peterson v. Roach was followed and approved in McKee v. Hamilton, 33 Ohio St., 7, at page 15, and in Norwalk National Bank v. Sawyer, 38 Ohio St., 339. In this case the court held:
“Money borrowed by one partner, on his individual credit, will not become a debt of the firm by being used in its business;' and the rule is not different where the money was loaned for the purpose of enabling such partner to pay to the firm his portion of a specified sum which each partner had agreed to contribute in order to increase the firm’s capital.”
If the plaintiff seeks to recover for money had and received to .the use of the firm debts, as is argued by counsel for plaintiff, then the petition discloses that the promise of E. J. W., one of the members of the firm, was made without consideration and not for partnership purposes. Therefore, taking either horn of the dilemma, whether the cause of action, as disclosed by the petition and the reply, is on the note, or whether it be for money had and received, the defendant partnership firm and H. E. M. are entitled to judgment notwithstanding the verdict of the jury.
Inasmuch as the defendant, E. J. W., confessed individual liability to the plaintiff, the judgment entry that is to be drawn in this case may be for a judgment against him for the amount of the verdict.